M'DOWELL *against* BURD.

IN ERROR.

*Chambersburg,*
*Saturday,*
October 9.

In an action to recover the price of a negro, the defendant is entitled to give evidence, that *before,* at, and *after,* the time of the sale, the negro was afflicted with a disorder which made him of little value; and he is not obliged to shew *previously* that the plaintiff knew it. That may be done subsequently.

THIS was an action of debt in the Common Pleas of *Franklin*, brought by *M'Dowell* upon a single bill given by *Burd* for 200 dollars, dated the 23d of *February* 1808, and payable in three months after date, with interest. The defendant pleaded payment, with leave to give the special matter in evidence.

At the trial of the cause, it was proved, that the consideration of the bill was a negro boy sold by the plaintiff to the defendant for a term of years. The defendant then offered to prove, that *before*, *at* and *after* the time of sale, the negro was afflicted with a disorder which made him of little value. The plaintiff objected, but the Court admitted the evidence, and sealed a bill of exceptions.

*Brown* and *Riddle* for the plaintiff in error, contended that the evidence was admissible, 1. Because the defendant had not previously shewn that the plaintiff *knew* of the unsoundness; for as there was no warranty, knowledge of the unsoundness was essential to make him responsible. *Seixas* v. *Woods* (a), *Frost* v. *Raymond* (b), *Snell* v. *Moses* (c), *Perry* v. *Aaron* (d), *Defreeze* v. *Trumper* (e), 1 *Roll. Abr.* 90. *pl.* 4. 3., 1 *Fonbl.* 109, 110., 2 *Peak. Ev.* 228., 2 *Roll. Rep.* 5., *Chandelor* v. *Lopus* (f). 2. Because the only question could be as to unsoundness *at* the time of sale; unsoundness before and after had nothing to do with either fraud or the contract. 3 *Bl. Comm.* 165.

*Duncan* contra. It was necessary first to prove the unsoundness, and then, if there was no warranty, the plaintiff's knowledge. At most, the order of the evidence was immaterial. It is however not clear that proof of knowledge was essential. It has been settled in *England* that a sound price does not imply a warranty, though the law there was once otherwise; but it has never been so settled in this state. In *Timrod* v. *Shoolbred* (g), it was held that a sound price for a negro, warrants against all defects known or unknown. As to the evidence of unsoundness before and after the sale, it was proper for two reasons: first that the jury might infer from the duration and circumstances of the disease, the plaintiff's knowledge of it; and secondly that they might be informed of the degree of unsoundness, and that it was not an occasional infirmity.

Tilghman C. J. The plaintiff contends in the first place, that the evidence was improper, because the defendant did

(a) 2 *Caines* 48.　　(d) 1 *Johns.* 129.　　(f) *Cro. Jac.* 4.
(b) 2 *Caines* 191.　　(e) 1 *Johns.* 274.　　(g) 1 *Bay* 324.
(c) 1 *Johns.* 96.

not set forth that he should also give evidence that the *plaintiff knew of the disorder;* and next he says, that at all events no evidence should have been received of the state of health subsequent to the sale.

1. The plaintiff's counsel do not deny, that he would be responsible if he sold the negro even without warranty, *knowing* that he was affected with a disease which greatly injured him, and *concealing* that circumstance from the purchaser. It seems to follow as a necessary consequence, that the evidence was proper; for in the natural order of things, the disorder was first to be proved, and afterwards the plaintiff's knowledge of it. The question before the Court is whether the evidence was proper at the time it was offered, and not what was the consequence of it after it was given. If the defendant did not bring home to the plaintiff the *knowledge* of the disorder, the opinion of the Court might have been asked on the whole. But for any thing that appears on the bill of exceptions, the defendant may have proved the knowledge of the plaintiff in a subsequent stage of the cause, or the Court may have charged the jury on the whole evidence, agreeably to the plaintiff's own conceptions of the law. Be that as it may, the evidence of the negro being diseased was properly received.

2. The state of health at *the time of sale*, is the only question between the parties. If the negro was in good health *then*, it is immaterial what was his condition before or after. But it is very clear, that in order to ascertain the state of health at *the time of sale*, it was necessary to enquire into his situation *before* and *after*. The disorder is said to have been of a lethargic nature of long standing. Now how could the jury have judged of this, if they had only been permitted to receive evidence of the man's condition *at the time of contract*. He might have been affected with a stupor at that moment, but recovered the next day, and continued perfectly well ever after; or he might have been lively at the moment of sale, and generally affected with a lethargy for a long time before and after, so that upon the whole it might have been truly said that he was diseased at the time of sale. I am therefore of opinion, that the whole evidence was proper and the judgment should be affirmed.

YEATES J. I am fully satisfied that it was competent to the defendant under the plea of payment, with leave to give the special matter in evidence, to go into the consideration for which this single bill was given. He might give in evidence, that the negro boy, whose price formed the consideration of the bill, was unsound at and immediately before the execution of the bill of sale, and so continued until the time of trial. His state of health when the contract was made, formed the great object of enquiry, and whether any fraud actual or legal was committed by the vendor at the time of sale. A malady or disorder in the human body can only be ascertained by its appearances at different times, and its progress is strongly marked thereby.

It is not pretended that the sale was accompanied either by an express warranty, or false representation, of the health of the boy, nor that the Court below expressed any opinion against the defendant on those grounds. It only appears on the bill of exceptions, that the Court overruled the objections made to the admission of the evidence. If they had gone further, and charged the jury that a sound price implied a warranty, the whole case would be open to our revision, and I should think in such a case the Court had stated the law erroneously. Whatever opinion the Court expressed upon the occasion, might, if the plaintiff thought proper, be placed upon the record; but not having done so, we must take the record as we find it. The state of the negro's health, would naturally precede the bringing home his unsoundness to the knowledge of the defendant, and thereby affecting him at least with a legal fraud. As matters now stand before the Court, I see no error in the admission of the evidence, and therefore am of opinion, that the judgment of the Court of Common Pleas should be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.